UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


GLORIA A. DOMINGUE                              CIVIL ACTION

VERSUS                                          NUMBER: 12-1870

MICHAEL J. ASTRUE,                              SECTION: "N"(5)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION


                    **REPORT AND RECOMMENDATION**

     Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration denying plaintiff's applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") benefits based upon disability.  (Rec. docs. 13, 14).  Also before the Court is new evidence that was submitted by plaintiff.  (Rec. doc. 15).  For the reasons that follow, it is recommended that plaintiff's case be remanded to the Commissioner for further proceedings.

     Gloria A. Domingue, plaintiff herein, filed the subject applications for DIB and SSI benefits on January 15, 2010, with a protective filing date of November 18, 2009, alleging disability as of July 31, 2008.  (Tr. pp. 96-99, 100-103, 113, 135).  In a

Disability Report that appears in the record, the conditions resulting in plaintiff's inability to work were identified as degenerative disc disease, depression, social anxiety disorder, high cholesterol, high blood pressure, and arm problems. (Tr. pp. 142-150). Plaintiff's applications for DIB and SSI benefits were denied at the initial level of the Commissioner's administrative review process on April 9, 2010. (Tr. pp. 49-52). Pursuant to plaintiff's request, a hearing <u>de novo</u> before an Administrative Law Judge ("ALJ") went forward on November 30, 2010. (Tr. pp. 29-46). On January 28, 2011, that ALJ issued a written decision in which he concluded that plaintiff was not disabled within the meaning of the Social Security Act. (Tr. pp. 12-28). On February 10, 2011, plaintiff filed a request for review of the ALJ's adverse decision by the Appeals Council ("AC"). (Tr. pp. 10-11).

On April 27, 2011, while her request for review of the ALJ's decision was pending before the AC, plaintiff protectively filed a second set of applications for Social Security benefits, alleging disability as of January 29, 2011, the day following the issuance of the ALJ's adverse decision on the first set of applications. (Rec. doc. 15-1, p. 7). As part of his duty with respect to that second set of applications, the Commissioner was required to develop plaintiff's medical history for at least the twelve months preceding the date that the applications were filed. 42 U.S.C. §423(d)(5)(B); 20 C.F.R. §§404.1512(d), 416.912(d). After

2

plaintiff's second set of applications was denied at the initial level and she had testified at a hearing de novo before a second ALJ, that ALJ issued a fully favorable decision on November 21, 2012, finding that plaintiff was disabled as of January 29, 2011. (Rec. doc. 15-1).[1]/ In making that finding, the second ALJ considered a wealth of medical evidence going back to as far as November 16, 2009, just days before plaintiff's first set of applications for Social Security benefits was filed. (Rec. doc. 15-1, pp. 10-13). Much of that same evidence had been considered by the ALJ who issued the adverse decision on plaintiff's first set of applications. (Tr. pp. 19-23). The Court is thus faced with two inconsistent disability determinations covering much of the same time period and based on much of the same documentary evidence.

As was observed in Fisher v. Astrue, No. 08-CV-3630, 2009 WL 3672865 at *2 (E.D.La. Oct. 28, 2009)(Feldman, J.):

> [t]he Court can remand a case to the Commissioner and order consideration of additional evidence "'... upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Latham v. Shalala, 36 F.3d 482, 483 (5th Cir.1994)(quoting 42 U.S.C. §405(g)). In Latham, the Fifth Circuit ordered that plaintiff's case be remanded to the Commissioner for consideration of a Department of Veterans Affairs Rating Decision in which it was concluded that the plaintiff was eligible to receive

---

[1]/ In the interim, the AC had denied plaintiff's request for review of the first ALJ's adverse decision on May 23, 2012. (Tr. pp. 1-5).

3

>    Veterans Affairs disability benefits.  *Id.* at 483-84. <u>Remands have also been ordered to resolve inconsistencies between an earlier unfavorable decision and a subsequent favorable one</u>.  *Hayes v. Astrue*, 488 F.Supp.2d 560, 565 (W.D.Va.2007); *Bradley v. Barnhart*, 463 F.Supp.2d 577, 580-81 (S.D.W.Va.2006)("...an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.") *See also Reamey v. Astrue*, 2009 WL 1619211 at *4-5 (W.D.Va. June 8, 2009); *Lawrence v. Astrue*, 2009 WL 1227840 at *7-8 (W.D.Va. May 4, 2009); *Hall v. Astrue*, 2008 WL 5455720 at *11-13 (W.D.Va. Dec.31, 2008).
>
>                      (Emphasis added) <u>See also Breaux v. Astrue</u>, No. 09-CV-3083, 2010 WL 2733398 (E.D.La. June 16, 2010), <u>adopted</u>, 2010 WL 2733330 (E.D.La.  July  8, 2010)(Lemmon, J.).

In light of <u>Fisher</u>, <u>Breaux</u>, and the authorities cited therein, it will be recommended that plaintiff's case be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. §405(g).  <u>See also Luna v. Astrue</u>, 623 F.3d 1032, 1034-35 (9th Cir. 2010).

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's case be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. §405(g).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

    New Orleans, Louisiana, this 7th day of March, 2013.

                                ALMA L. CHASEZ
                      UNITED STATES MAGISTRATE JUDGE