UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLORIA A. DOMINGUE                                         CIVIL ACTION

VERSUS                                                     NUMBER: 12-1870

CAROLYN W.COLVIN, ACTING                                   SECTION: "N"(5)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION

Pursuant to an order of reference from the presiding District Judge, presently before the Court is Plaintiff's motion for attorney's fees under under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, and the Defendant's response thereto. (Rec. docs. 23, 21, 22).

Plaintiff, through counsel, filed the above-captioned lawsuit seeking judicial review of an adverse decision of the Commissioner of Social Security Administration denying her applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") benefits based upon disability. (Rec. doc. 1). After the parties filed cross-motions for summary judgment and Plaintiff submitted new evidence to the Court, the assigned Magistrate Judge issued a Report and Recommendation recommending that

Plaintiff's case be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. §405(g). (Rec. docs. 13, 14, 15, 17). No objections to the Report and Recommendation were filed by the parties and on March 28, 2013, the District Judge issued an order remanding the case to the Commissioner. (Rec. doc. 18).

Subsequent to the remand, Plaintiff received a partially favorable decision from the Commissioner on December 10, 2013. (Rec. doc. 19). That resulted in Defendant filing a consent motion to reinstate and dismiss which was granted by the District Judge on June 4, 2014. (Rec. docs. 19, 20). The instant motion followed.

By way of her present motion, Plaintiff seeks attorney's fees for 36.4 hours of time that was expended in this case at a rate of $160.00 per hour for a total award of $5,824.00. In her response to Plaintiff's motion, the Commissioner does not take issue with the hourly rate at which Plaintiff's counsel seeks to be compensated. What the Commissioner does challenge is the overall number of hours that were devoted by Plaintiff's counsel to this case, arguing that the time claimed was excessive in that it was billed in increments of no less than .20 hours involving the review of basic, routine documents; that the time spent for preparing the EAJA fee application was inflated; and, that the fee petition seeks compensation for work that could have been done by support staff. All in all, Defendant suggests that the amount of compensable time claimed by Plaintiff be reduced by a whopping 2.4 hours. The Court has since confirmed with Plaintiff's counsel that she has no opposition to a reduction of her compensable hours to 34. That being the case, it will be

recommended that Plaintiff, Gloria Domingue, be awarded EAJA fees in the amount of $5,440.00 (34 hours @ $160.00 per hour).[1]

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff, Gloria A. Domingue, be awarded EAJA fees in the amount of $5,440.00 (34 hours @ $160.00 per hour).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __11th__ day of _____July_____, 2014

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] Under the circumstances, it is clear that the Defendant's time would have been more prudently invested in a telephone call to Plaintiff's counsel seeking the minor concession that was readily agreed to by the latter. For future reference, this Court strongly encourages such outreach – a consent judgment resolving such minor disagreements is always preferable to contradictory motion practice that requires review by a Magistrate Judge, a District Judge and their respective staffs.